UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALICIA L. ROBINSON, | Case No. 25-CV-2271 (MJD/JFD) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| L.S. DAVIS, Acting Warden, | |
| Respondent. | |

Petitioner Alicia L. Robinson has filed a federal habeas corpus petition requesting an order directing the Bureau of Prisons ("BOP") to immediately transfer her to either home confinement or a halfway house. (Dkt. No. 1.). This matter is currently before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Upon that review, this Court recommends that Ms. Robinson's petition be denied and that this matter be dismissed without prejudice.

On February 2, 2023, Ms. Robinson was sentenced in the Northern District of Iowa to a total term of imprisonment of 62 months, followed by four years of supervised release after pleading guilty to possession with intent to distribute 5 grams or more of actual (pure) methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and possession of firearms by drug user in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2). *See* J. Crim. Case, *United States v. Alicia Loraine Robinson*, Case No. 5:22-CR-04010-1 (LTS/KEM)

---

[1] Although Ms. Robinson's habeas petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases in the United States District Courts nevertheless apply to her petition. *See* Rule 1(b).

1

(N.D. Iowa) (Dkt. No. 29.) She is currently serving that term of imprisonment at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"). (*See* Dkt. No. 1.)

Ms. Robinson claims that she was eligible to be transferred to a residential reentry center ("RRC") on May 15, 2025, but she nevertheless remains incarcerated at FCI-Waseca in violation of the Second Chance Act ("SCA"), 18 U.S.C. § 3624, and the First Step Act ("FSA"), 18 U.S.C. § 3632. *Id.* This claim concerns the relationship between the FSA and the SCA.

Relevant here, the FSA expanded the number of prisoners potentially eligible to serve a portion of their sentence on either home confinement or at an RRC under the SCA. *See United States v. James*, Case No. 15-CR-255 (SRN), 2020 WL 1922568, at *1-2 (D. Minn. Apr. 21, 2020). Namely, as amended by the FSA, the SCA provides that "[T]he Bureau of Prisons shall, *to the extent practicable*, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2) (emphasis added). But nothing in the SCA limits or restricts the authority of the BOP to determine the placement of prisoners under 18 U.S.C. § 3621. *See* 18 U.S.C. § 3624(c)(4).

The FSA also allows eligible federal prisoners to earn time credits ("FTCs") for participating in "evidence-based recidivism reduction programs or productive activities." 18 U.S.C. § 3632(d)(4)(A). The most attractive benefit to earning FTCs, certainly, is the opportunity for inmates to reduce their term of incarceration by applying their time credits to prerelease custody or supervised release as determined under section 3624(g). *See* 18 U.S.C. § 3632(d)(4)(C). Section 3624(g), in turn, provides that an otherwise eligible

federal prisoner who "has earned time credits . . . in an amount that is equal to the remainder of the prisoner's term of imprisonment" may be placed in prerelease custody. 18 U.S.C. § 3624(g)(1). Further, where, as here, a federal prisoner has been sentenced to a term of supervised release following their imprisonment, "the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months…" 18 U.S.C. § 3624(g)(3).

Ms. Robinson contends that the BOP has recommended her for an RRC placement of 295 days (151-180 days under the SCA plus her projected earned time credits under the FTC), a calculation she evidently does not dispute. Instead, the gravamen of her claim is that despite this recommendation, she has not yet been transferred to serve this time at an RRC. There are two problems with this claim.

First, Ms. Robinson has failed to assert a claim for relief under the FSA. Ms. Robinson asserts that she has earned 105 FSA time credits towards her transfer to an RRC and that she continues to earn FSA time credits at a rate of 15 days for every 30 days served. (Dkt. No. 1). But she does *not* contend that she is serving even one more day at FCI-Waseca because of how the BOP has calculated and applied her FSA time credits. Rather, she claims that she should be transferred to an RRC *sooner* under the SCA. The gravamen of Ms. Robinson's claim, therefore, concerns the BOP's application of the SCA to her sentence. Turning, therefore, to the SCA, prisoners have no authority under the SCA to challenge prerelease custody determinations made by the BOP. *See* 18 U.S.C. § 3621(b). Rather, "the BOP has exclusive authority to determine the placement of prisoners." *United States v. Brown*, Case No. 12-CR-172(3) (SRN), 2020 WL 1922567, at *2 (D. Minn. Apr.

3

21, 2020) (citing 18 U.S.C. § 3624(c)(2)). Nothing in either the SCA or the FSA "permits the Court to place the Defendant in home confinement." *United States v. Kluge*, Case No. 17-CR-61 (DWF), 2020 WL 209287, at *3 (D. Minn. Jan. 14, 2020); *see also James*, 2020 WL 1922568 at *2 (concluding that the FSA, the CARES Act, and the SCA "merely give inmates the possibility to be considered for home confinement or halfway house placement," ultimately "it is BOP—not the courts—who decides whether home detention is appropriate") (quoting *United States v. Yates*, Case No. 15-CR-40063-01-DCC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019)).

In short, Ms. Robinson argues that the Second Chance Act allows BOP to move her to home confinement or a halfway house even sooner than the earliest date she would become eligible for such a transfer under the First Step Act. But because the decision whether to move her (which is distinct from the question of whether she is eligible to move) is entrusted to the BOP's discretion, the Court cannot grant Ms. Robinson the relief she seeks.

The BOP has referred Ms. Robinson for RRC placement. Ms. Robinson disagrees with the implementation of that decision. Such a decision, however, is not reviewable under the SCA. Ms. Robinson, therefore, has failed to assert a habeas claim for relief. This Court, therefore, recommends dismissal of her petition on that basis.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT** Petitioner Alicia L. Robinson's petition for habeas corpus

relief under 28 U.S.C. § 2241 (Dkt. No. 1) be **DENIED** and that this matter be dismissed without prejudice.

Date: June 25, 2025                           *s/ John F. Docherty*
                                              JOHN F. DOCHERTY
                                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).